UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE:                                 ]
                                       ]
Victor DeSantis                        ]
                                       ]   CASE NO. 6:07-bk-03840-KSJ
Dana Jo DeSantis                       ]   CHAPTER 7 PROCEEDING

## AMENDED MOTION TO STRIKE

COMES NOW THE MOVANT, Community Educators' Credit Union, a secured creditor of Debtor(s) in the above captioned case, by and through its undersigned attorneys, and AMENDS its motion to strike, and in support thereof states the following:

1. This document incorporates by reference the Motion to Strike Debtor's Opposition to Motion to Dismiss, Document 24 filed 01/08/2008, together with all Exhibits,.

2. Subsequent to filing the above Motion, the law firm representing the Debtors filed two pleadings titled "Response to Motion by Community Educators Credit Union to Strike Debtors Opposition to Motion to Dismiss," Document 27, filed 01/25/2008, and "Amended Debtor's Response to Motion by Community Educators Credit Union to Strike Debtor's Opposition to Motion to Dismiss," Document 29, filed 1/28/2008.

3. Both of those pleadings contain further scandalous and impertinent allegations in Paragraph 9, which is identical in both pleadings: "In addition to the dispute described herein, Community Educators Credit Union continues to report derogatory and erroneous post petition information on the Credit Reports pertaining to Mr. and Mrs. DeSantis."

4. It is hard to fathom how the above statements could possibly be responsive to the Motion to Strike. The remainder of Documents 27 and 29 also appear to be irrelevant as a response to the proposition that the original offending pleading contained defamatory, impertinent, and scandalous allegations.

1

5. The position of the law firm for the Debtors representing that they have not sought Rule 9011 sanctions defies reason, is contradicted by all of the evidence, and should be carefully scrutinized by this Court.

6. In the very first letter received from the Debtors' counsel, which appears as Exhibit C to the Motion to Strike, that attorney writes: "You are hereby put on notice that you are in violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure. If you do not withdraw your motion within 7 days of this letter, I will file a response in opposition to your motion. This letter will be included therein as an exhibit as well as the letters of correspondence from Mr. DeSantis to you. I suggest that you withdraw your motion. In addition to the foregoing, along with my response to your motion, I will file a separate motion for sanctions under Rule 9011 wherein I will request sanctions against you, your law office and your client. This letter will again be included as an exhibit along with my responsive pleading to your motion."

7. *This Court should note that a copy of that letter was **NOT** included as an exhibit to the Debtor's Opposition as the letter indicated it would be.*

8. In the second letter received from Debtors' counsel, which appears as Exhibit E in support of the Motion to Strike filed in this case, the letter states that it is written, in part, regarding "Notice Pursuant to FRBP 9011."

9. The Opposition to Motion by Community Educators Credit Union to Dismiss Case states in Paragraph 8: "Letters have been sent to Mr. Trimmier informing him that he and the Credit Union are in violation of Rule 9011 of the Federal Rules of Civil Procedure and that Debtors will pursue sanctions."

10. Counsel for the Debtors have further highlighted their strategy of misusing threats of disciplinary sanctions in Paragraph 8 of Documents 27 and 29, responses to the Motion to Strike which appear to be identical: "The Debtors' opposition does not request

sanctions under FRBP 9011 nor does the title of the opposition refer to Rule 9011. <u>Debtors reserve the right to file such a motion in the future</u>." (emphasis added)

11. Counsel for the Debtors have used the threat of disciplinary action by the court consistently throughout the correspondence with the undersigned and in the pleadings filed with this Court. Those actions bring disrepute upon the undersigned, the Credit Union, the legal profession as a whole, and this Court. Therefore, the Court should strike those pleadings.

12. The law firm representing the Debtors has engaged in a pattern and practice of using defamation and the threat of disciplinary action by this Court as leverage to obtain advantages which have no basis in law or fact, and therefore the Court should strike those pleadings.

13. The Credit Union is a non-profit financial cooperative which is fully owned by its members, and as such it cannot afford to spend in excess of ten thousand dollars to enforce their rights to collateral securing a small consumer loan that has zero equity or negative equity, nor should any reasonably conducted case require such expenditure.

14. The law firm representing the Debtors has used their knowledge of this economic equation and abusively invoked the disciplinary authority of this Court in an attempt to obtain a result to which the Debtors are not entitled by needlessly multiplying the Credit Union's legal fees and costs in this matter, by refusing to act or negotiate in good faith, by generating lengthy, unnecessary, and redundant papers associated with this case, as well as by fabricating baseless threats of disciplinary action by this Court.

15. This entirely unnecessary controversy could have been avoided if the firm representing the Debtors had bothered to take the time to send a simple one line letter or fax granting permission for the undersigned to communicate with the debtors as a response to the first polite request for same dated October 26, 2007, Exhibit A to the Motion to Strike. As of the date of service of this Motion, the firm representing the Debtors has still refused to grant such permission.

16. On December 14, 2007, the Debtors contacted the Credit Union to express their distress about the motion to dismiss and the failure of the undersigned to communicate with them about the case. Therefore, the Debtors' attorney engaged in a course of behavior which was not only detrimental to his own clients' legal interests but also to their mental state.

17. This court should closely examine the behavior of the law firm representing the Debtors in this case and send a clear message to the debtor's bar that these types of tactics will not be tolerated by this Court.

WHEREFORE, the Credit Union prays that this Court strike the offending pleadings, award the Credit Union its legal fees and costs in this matter, and for such other relief as Justice requires.

RESPECTFULLY SUBMITTED,

/S/ Chip Trimmier
Florida Bar No.71064
Trimmier LLC, Attorneys for Community Educators' Credit Union
Post Office Box 1885
Birmingham, Alabama 35201
(205) 251-3151
Fax (205) 322-6444
twhite@trimmier.com

CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Motion was furnished by electronic transmission or by U.S. Mail, first class postage prepaid, to the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801, and:

| Victor DeSantis<br>Dana Jo DeSantis<br>1513 Laramie Circle<br>Melbourne, FL 32940 | Thomas J. Herbert, Esquire<br>Volk Law Offices PA<br>700 South Babcock St. Ste. 402<br>Melbourne, FL 32901 | Marie E. Henkel, Trustee<br>3560 South Magnolia Avenue<br>Orlando, Florida 32806 |
|---|---|---|

on this the 29th day of January, 2008.

/S/ Chip Trimmier